**FILED - GR**

July 28, 2010 11:52 AM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY __ald__ /_____ SCANNED BY _ALD_ /_7_-_28_

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,                )
                                         )
             Plaintiff,                  )
                                         )
        v.                               )   Civil Action No.   **1:10-cv-726**
                                         )                      **Gordon J Quist**
DALTON TOWNSHIP, MICHIGAN                )                      **U.S. District Judge**
                                         )
             Defendants.                 )
_____    )

## COMPLAINT

The United States of America alleges:

### Jurisdiction

1.  This action is brought by the United States to enforce the Fair Housing Act, Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988, ("the Fair Housing Act"), 42 U.S.C. §§ 3601 et seq., and Title II of the Americans with Disabilities Act ("the ADA"), 42 U.S.C. §§ 12131, et seq., and the regulations implementing Title II, 28 C.F.R. Part 35.

2.  This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1345, 42 U.S.C. § 3614(a) and (b), and 42 U.S.C. § 12133. The Court may grant declaratory and other relief pursuant to 28 U.S.C. §§ 2201 and 2202.

3.  Venue is proper under 28 U.S.C. § 1391(b), because the events giving rise to the claims alleged herein occurred in the Western District of Michigan.

### The Defendant

4.  Dalton Township (the "Township") is a political subdivision of the State of Michigan, located in Muskegon County, within the Western District of Michigan, and organized

under the laws of the State of Michigan. The Township is a "public entity" within the meaning of the ADA, 42 U.S.C. § 12131(1), 28 C.F.R. § 35.104 and is therefore subject to Title II of the ADA, 42 U.S.C. §§ 12131, et seq., and its implementing regulations, 28 C.F.R. Part 35.

5.    Pursuant to the authority granted it by the State of Michigan, the Township exercises zoning authority over land within its borders. The Township's zoning regulations are set forth in an ordinance titled "Zoning Ordinance."

6.    The Zoning Ordinance defines "family" to include "a collective number of individuals occupying a single dwelling unit under one head whose relationship is of a permanent non-transitory and distinct domestic character and cooking and living together as a single and separate housekeeping unit." The Zoning Ordinance defines "boarding house" as a "dwelling having (1) kitchen and primarily used for the purpose of providing meals and/or lodging for transient guests staying for an indeterminate duration for compensation of any kind."

7.    The Zoning Ordinance does not include a policy or procedure concerning reasonable accommodations or modifications in rules, policies, practices or services that may be necessary to afford persons equal opportunities to use and enjoy dwellings or participate equally in the benefits of the services, programs, or activities of a public entity.

### The Complainant.

8.    Joel Kruszynski, Sr. ("Complainant") is a resident of the Western District of Michigan. Complainant, through Cedar Creek Investments, Inc., and Serenity Shores Apartments, LLC, domestic profit corporations, organized under the laws of Michigan, of which he is

2

the president and sole shareholder, owns and operates a "Sober House" located at 3071 Second Street, Twin Lake, Michigan 49457 ("3071 Second Street").

9.    3071 Second Street is located in Dalton Township and is subject to the Zoning Ordinance, pursuant to which it is located in an R-2 Residential District. A family, as defined in the Zoning Ordinance, is a permitted use in this district. A boarding house, as defined in the Zoning Ordinance, must obtain a Special Use Permit ("SUP") to operate in this district.

10.   The purpose of a Sober House is to provide a residence for persons recovering from drug and alcohol addictions, and to enable its residents to reinforce and encourage their mutual commitment to recovery by assisting one another to resist temptations to resume use of alcohol and illegal drugs, and monitoring one another for signs of such use.

11.   Residents of 3071 Second Street are subject to random, unannounced drug testing and residents who fail a test or are otherwise found to be using drugs or alcohol in or out of the house are immediately expelled. Persons living in the house are required to attend Alcoholics Anonymous and/or Narcotics Anonymous daily and must attend a weekly house meeting. Residents must spend twenty-five hours per week working, going to school, volunteering, or engaging in a combination of those activities. There is no set limit on the time a resident can remain in the house.

12.   3071 Second Street began operation as a Sober House in or around early 2006. It is Complainant's intention to house eight persons recovering from addictions at the Sober House along with a resident manager. 3071 Second Street is physically suited as a

3

residence for eight persons and a resident manager and has housed that number of persons in the past.

13. For both therapeutic and financial reasons, it is advantageous for a Sober House to serve as a residence for the maximum number of residents it can reasonably house.

14. The residents of 3071 Second Street are "handicapped" within the meaning of 42 U.S.C. § 3602(h) and "qualified individuals with disabilities" within the meaning of 42 U.S.C. §§ 12102 and 12131(2) and 28 C.F.R. § 35.104.

15. 3071 Second Street is a dwelling within the meaning of 42 U.S.C. § 3602(b).

The Zoning Dispute

16. In or about August of 2006, the Township Zoning Administrator wrote a letter to Complainant, informing him that in the Township's view, 3071 Second Street was a "drug rehabilitation house" and in violation of the Zoning Ordinance. The letter directed Complainant to cease operation of 3071 Second Street as a Sober House immediately.

17. Complainant responded that 3071 Second Street was not a drug rehabilitation house.

18. At the suggestion of the Township, Complainant, in or about June, 2007, applied for a Special Use Permit for continued operation of 3071 Second Street as a boarding house. After extensive proceedings, the application was finally denied by the Township Board on or about January 16, 2008.

19. On January 27, 2008, a representative of Complainant wrote a letter to the Township Supervisor, formally requesting, as a reasonable accommodation, that the residents of 3071 Second Street be treated as a family under the terms of the Zoning Ordinance. On

4

or about January 30, 2008, the Township's attorney wrote a letter formally denying this request.

20.    On or about September 10, 2007, the Township instructed Complainant not to take in any new residents at 3071 Second Street. Complainant has complied with this direction up until the present, and has incurred both financial loss and detriment to the therapeutic objectives of the Sober House as a result.

21.    On or about July 7, 2008, Joel Kruszynski filed a complaint with the Department of Housing and Urban Development ("HUD"), pursuant to 42 U.S.C. 3610(a), alleging discrimination in housing on the basis of disability. On or about November 19, 2008, HUD referred the complaint to the Department of Justice, pursuant to 42 U.S.C. 3610(g)(2)(C).

### COUNT ONE - Violation of the Fair Housing Act

22.    The allegations in paragraphs 1-21, above, are incorporated herein by reference.

23.    The Defendant, through the actions described above, has:

    a.    discriminated in the rental of, or otherwise made unavailable or denied, dwellings to renters or prospective renters because of handicap, in violation of 42 U.S.C. § 3604(f)(1);

    b.    discriminated against persons in the terms, conditions, or privileges of the rental of dwellings, or in the provision of services or facilities in connection with a dwelling, because of handicap, in violation of 42 U.S.C. § 3604(f)(2); and

    c.    failed or refused to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may have been necessary to afford

5

persons with handicaps an equal opportunity to use and enjoy a dwelling. in

violation of 42 U.S.C. § 3604(f)(3)(B).

24.     The Defendant's discriminatory actions were intentional, willful, and taken in disregard

for the fair housing rights of others.

25.     The Defendant's conduct described above constitutes:

a.     a denial to a group of persons of rights granted by the Fair Housing Act that raises

an issue of general public importance under 42 U.S.C. § 3614(a); and

b.     a discriminatory housing practice under 42 U.S.C. § 3614(b)(1).

26.     Complainant. and other persons who may have been the victims of the Defendant's

discriminatory housing practices, are aggrieved persons as defined in 42 U.S.C. § 3602(i).

and have suffered damages as a result of the Defendant's conduct.

## **COUNT TWO - Violation of the Americans with Disabilities Act**

27.     The allegations in paragraphs 1-21, above, are incorporated herein by reference.

28.     The United States Department of Justice is the federal agency responsible for

administering and enforcing Title II of the ADA. 42 U.S.C. §§ 12131 et seq.

29.     The Defendant, through the actions described above. has:

a.     excluded individuals with disabilities from participation in and denied them the

benefits of the services, programs, or activities of a public entity. in violation of

42 U.S.C. § 12132 and 28 C.F.R. § 35.130; and

b.     failed to make a reasonable modification in its policies, practices, or procedures,

which resulted in the Defendant excluding individuals with disabilities from

participating in and denying them the benefits of the services, programs, or

activities of Dalton Township in violation of 42 U.S.C. § 12132 and 28 C.F.R. § 35.130(b)(7).

30. The Defendant's discriminatory actions were intentional, willful, and taken in disregard for the rights of others.

WHEREFORE, the United States prays that the Court enter an ORDER that:

1. Declares that the Defendant's actions described above constitute violations of the Fair Housing Act, as amended, 42 U.S.C. §§ 3601 et seq., and Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12131 et seq.

2. Enjoins the Defendant, its agents, employees, assigns, successors, and all other persons in active concert or participation with them, from discriminating on the basis of disability in violation of the Fair Housing Act, as amended, 42 U.S.C. §§ 3601 et seq., and Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12131 et seq. and its accompanying regulations;

3. Requires the Defendant, its agents, employees, assigns, successors and all other persons in active concert or participation with it, to make a reasonable accommodation pursuant to 42 U.S.C. § 3604(f)(3)(B), 42 U.S.C. § 12132, and 28 C.F.R. § 35.130(b)(7) to permit the continued operation of 3071 Second Street as a residence for up to eight persons recovering from addictions and a resident manager;

4. Awards compensatory damages in an appropriate amount to individuals with disabilities for injuries suffered as a result of the Defendant's failure to comply with the requirements of the Fair Housing Act and ADA; and

7

5.     Assesses a civil penalty against the Defendant in an amount authorized by

42 U.S.C. § 3614(d)(1)(C) to vindicate the public interest.

The United States further prays for such additional relief as the interests of justice may

require.

                                        ERIC H. HOLDER JR.
                                        Attorney General

DONALD A. DAVIS                          THOMAS E. PEREZ
United States Attorney                  Assistant Attorney General
Western District of Michigan          Civil Rights Division

                                       STEVEN H. ROSENBAUM
                                       Chief, Housing and Civil Enforcement Section

AGNES KEMPKER-CLOYD
Assistant United States Attorney      TIMOTHY J. MORAN
P.O. Box 208                            Deputy Chief
Grand Rapids, MI 49501-0208        KATE S. ELENGOLD
Tel.: 616-456-2404                  Attorney
Facsimile: 616-456-2408          U.S. Department of Justice
                                         Civil Rights Division
                                       Housing and Civil Enforcement Section
                                       950 Pennsylvania Avenue
                                       The Northwestern Building
                                       Washington, D.C. 20530
                                       Tel.: 202-305-4066
                                       Facsimile: 202-514-1116

8