IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
GRAND RAPIDS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:10-cv-726 |
| | ) | |
| DALTON TOWNSHIP, MICHIGAN | ) | |
| | ) | Hon. Gordon J. Quist |
| Defendant. | ) | United States District Judge |
| | ) | |
| | ) | |

## CONSENT DECREE

### BACKGROUND

1.    The United States initiated this action to enforce the Fair Housing Act, as amended, 42
U.S.C. § 3601, et seq. ("FHA") and Title II of the Americans with Disabilities Act, 42
U.S.C. §§ 12131, et seq., and its implementing regulations, 28 C.F.R. Part 35 ("ADA").
In its Complaint, the United States alleges that the Defendant, Dalton Township,
Michigan ("Dalton Township" or "Defendant") violated the FHA and the ADA by
denying to Joel Kruszynski, Sr., d/b/a Serenity Shores Sober Home ("Serenity Shores"),
an exception to the Dalton Township Zoning Ordinance to allow him to operate a group
home for up to nine men with alcohol and drug dependency at 3071 Second Street in
Twin Lake, Michigan.  Specifically, the United States alleges that Defendant violated
§ 3604(f)(1) of the FHA by denying or otherwise making dwellings unavailable because
of disability, violated § 3604(f)(2) of the FHA by discriminating in the terms, conditions,
or privileges of housing, or in the provision of services or facilities in connection with

housing, because of disability, and violated § 3604(f)(3)(B) of the FHA by failing or refusing to make a reasonable accommodation in rules, policies, practices, or services, when such accommodation may have been necessary to afford persons with handicaps an equal opportunity to use and enjoy a dwelling. The United States alleges that the Defendant's conduct constitutes a denial of rights to a group of persons that raises an issue of general public importance in violation of the FHA, 42 U.S.C. § 3614(a), or a discriminatory housing practice under 42 U.S.C. § 3614(b). The United States also alleges that Defendant violated § 12132 of the ADA by excluding persons with disabilities from participating in and denying them the benefits of services, programs, or activities of Dalton Township and failing to make a reasonable modification in its rules, policies, practices, or services, which excluded persons with disabilities from participating in or denied them the benefits of services, programs, or activities of Dalton Township.

2.      On July 7, 2008, Mr. Kruszynski filed a timely complaint with the United States Department of Housing and Urban Development ("HUD") pursuant to 42 U.S.C. § 3610(a) against Dalton Township, alleging discrimination in housing on the basis of disability. Pursuant to the requirements of 42 U.S.C. § 3610(a) and (b), the Secretary of HUD determined that the complaint involved the legality of state or local zoning or other land use laws or ordinances. Accordingly, pursuant to 42 U.S.C. § 3610(g), on or about November 19, 2008, the Secretary referred this matter to the Attorney General for appropriate action.

3.      Dalton Township, a political subdivision of the State of Michigan, is a "public entity"
within the meaning of the ADA, 42 U.S.C. § 12131(1), 28 C.F.R. § 35.104, and is
therefore subject to Title II of the ADA, 42 U.S.C. §§ 12131, et seq., and its
implementing regulations, 28 C.F.R. Part 35.

4.      Serenity Shores runs a Sober House at 3071 Second Street in Twin Lake, Michigan.  The
purpose of a Sober House is to provide a residence for persons recovering from drug and
alcohol addictions, and to enable its residents to reinforce and encourage their mutual
commitment to recovery by assisting one another to resist temptations to resume use of
alcohol and illegal drugs, and monitoring one another for signs of such use.  The
residents at 3071 Second Street are "handicapped" within the meaning of 42 U.S.C. §
3602(h) and "qualified individuals with disabilities" within the meaning of 42 U.S.C. §
12102 and 12131(2) and 28 C.F.R. § 35.104.

5.      The group home located at 3071 Second Street is a "dwelling" within the meaning of the
FHA, 42 U.S.C. § 3602(b).

6.      The United States Department of Justice is the federal agency responsible for
administering and enforcing Title II of the ADA, 42 U.S.C. § 12131 et seq.

7.      The United States and the Defendant desire to avoid costly and protracted litigation and
have voluntarily agreed to resolve the United States' claims against the Defendant by
entering into this Consent Decree.

8.      This Consent Decree is a compromise of disputed claims and is not to be construed as an
admission of liability by the Township or its officials.  Moreover, this Consent Decree
does not constitute a judicial finding of any violation of law.

Accordingly, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

## II.  GENERAL NONDISCRIMINATION PROVISIONS

9.      The Defendant, its employees, elected or appointed officials, officers, agents, and persons
or entities acting in concert or participation with it, shall not:

a.      Discriminate in the sale or rental, or otherwise make unavailable or deny, a
dwelling to any buyer or renter because of a disability of that buyer or renter, or
of any person residing in or intending to reside in such dwelling, or of any person
associated with that buyer or renter;

b.       Discriminate against any person in the terms, conditions, or privileges of the sale
or rental of a dwelling, or in the provision of services or facilities in connection
with such dwelling, because of a disability of that person, of any person residing
in or intending to reside in such dwelling, or of any person associated with that
person;

c.      Adopt, maintain, enforce, or implement any zoning or land-use laws, regulations,
policies, procedures, or practices that discriminate on the basis of disability in
violation of the FHA or the ADA;

d.      Refuse to make reasonable accommodations in the application of rules, policies,
practices, or services when such accommodations may be necessary to afford a

person or persons with disabilities an equal opportunity to use and enjoy a

dwelling;

e.    Refuse to make reasonable modifications to policies, practices, or procedures

when such modifications are necessary to afford individuals with disabilities an

equal opportunity to obtain the same result, to gain the same benefit, or to reach

the same level of achievement as that provided to others, unless such modification

would fundamentally alter the nature of the land use; or

f.    Coerce, intimidate, threaten, interfere, or retaliate against any person in the

exercise or enjoyment of, or on account of his or her having exercised or enjoyed,

or on account of his or her having aided or encouraged any other person in the

exercise or enjoyment of, any right granted or protected by the FHA or the ADA.

10.    The preceding injunctions shall specifically, but not exclusively, cover:

a.    Administering, enforcing, or amending zoning ordinances of Dalton Township,

including, but not limited to, receiving, evaluating, or deciding upon applications

for building permits, special exceptions, variances, or uses not provided for; and

b.    Conducting hearings, inspecting premises, issuing certificates of zoning

compliance or certificates of occupancy, or reviewing any decision made by any

zoning, land-use, or building official.

## II.  SPECIFIC INJUNCTIVE RELIEF

11.    The Defendant shall allow Joel Kruszynski, Sr. to operate a group home for up to nine

men recovering from alcohol and drug dependency at 3071 Second Street in Twin Lake,

5

Michigan.  This permission shall not be revoked for any reason that violates the FHA or the ADA.  The Defendant reserves the right to ensure that the property is operated in compliance with all codes and legal requirements applicable, provided, however, that the Defendant shall not enforce any restriction in a manner that discriminates against Serenity Shores, any of the residents of the facility, or any persons associated with Serenity Shores, on the basis of disability.

12.    Within sixty (60) days of entry of this Decree, Defendant shall propose a written policy that will provide a process by which persons may request reasonable accommodations or modifications on the basis of disability from the Township's zoning and land use requirements.  The written policy must be approved by the United States, which approval will not be unreasonably withheld.  The policy shall comply with the FHA and the ADA and include the following provisions:

   a.    A description of where and how the Defendant will accept and process requests for accommodation or modification in its rules, policies, practices, or in the provision of its services;

   b.    The Defendant shall provide written notification to those requesting a reasonable accommodation or modification of the Defendant's decision regarding their request for accommodation or modification within twenty (20) days of the receipt of the request;

c.      If the Defendant denies a request for reasonable accommodation or modification, it shall include an explanation of the basis for such denial in the written notification;

d.      The Defendant shall maintain records of all oral and written requests for reasonable accommodation or modification and the Defendant's responses thereto; and

e.      The Defendant shall not impose any additional fees, costs, or otherwise retaliate against any person who has exercised his or her right under the FHA or ADA to make one or more reasonable accommodation or modification requests.

13.    If the Defendant declines, rejects, or denies any type of request or application for zoning or land use relating to a dwelling occupied by, or designated or intended for occupancy by, persons with disabilities, including any request for a building permit or special use permit, then the Defendant shall prepare detailed written findings explaining the specific grounds for declining the request.  For purposes of this provision, the failure to act on a request within a reasonable time period shall be deemed a denial.  A copy of Dalton Township's written findings shall be provided to the person or persons making the request within twenty (20) days of the date on which the final decision was made.

### III.  COMPLIANCE OFFICER

14.    Within thirty (30) days after the entry of this Decree, the Defendant shall designate an existing Dalton Township employee as the Compliance Officer.  The Compliance Officer shall have the responsibility to receive complaints of alleged housing discrimination and

7

disability discrimination against Dalton Township and coordinate Dalton Township's

compliance with this Decree.

## IV. FAIR HOUSING TRAINING

15.    Within ninety (90) days after entry of this Decree, the Defendant shall provide training(s)

on the requirements of the Decree, the FHA (in particular, those provisions that relate to

disability discrimination), and the ADA (in particular, the ADA's application to zoning).

The training(s) shall be provided to: the Township Supervisor; the Zoning Administrator;

and the Chairperson of each of the following boards: the Dalton Township Board, the

Dalton Township Zoning Board of Appeals, and the Dalton Township Planning

Commission.  The training(s) shall be conducted in person by a qualified third part(y/ies),

subject to the approval of the United States, which approval will not be unreasonably

withheld.  The trainer(s) shall not be connected to the Defendant or its officials,

employees, agents or counsel.  Any expense associated with the training(s) shall be borne

by the Defendant.

16.    The training(s) shall be videotaped and, within thirty (30) days of the in-person

training(s), shall be shown to current volunteer members of the following boards: the

Dalton Township Board, the Dalton Township Zoning Board of Appeals, and the Dalton

Township Planning Commission, along with any other person involved in making or

assessing zoning and land-use decisions for Dalton Township.  The videotaped

training(s) shall also be shown to newly elected, appointed, or hired individuals covered

by this section.  The training(s) of each new official or staff member shall take place within thirty (30) days after the date he or she commences service or employment.

17.     The Defendant shall provide a copy of this Decree to each person required to receive the training(s).

18.     The Defendant shall provide to the United States, in the manner stated in Section V, certifications executed by each trainee confirming: i) his or her attendance at the in-person training(s) or, for persons who are only required by paragraph 16 to watch the videotaped training, confirming that they viewed such training; ii) the date of the training or viewing; and iii) his or her receipt and comprehension of the Decree.  The Certification of Training and Receipt of Consent Decree appears at Attachment A.

19.     All individuals covered by paragraphs 15 and 16 who become agents, employees, or officials of Dalton Township shall sign Attachment A within thirty (30) days after commencing the membership, employment, or an agency relationship with Dalton Township.  The Defendant shall provide the United States with a copy of these executed acknowledgments in the manner stated in Section V.

## V. REPORTING AND RECORD KEEPING

20.     Within thirty (30) days after entry of this Decree, the Defendant shall notify the United States in writing[1] of the name, business address and business telephone number of the

---

[1]   All notifications required by this Consent Decree to be sent to the United States or counsel for the United States shall be addressed to "Chief, Housing and Civil Enforcement Section, Matter No. 175-39-109" and sent via overnight courier to U.S. Department of Justice, Civil Rights Division, Housing and Civil Enforcement Section, 1800 G Street, N.W., 7th Floor, Washington, D.C. 20006, or as otherwise directed by the United States.

Compliance Officer described in paragraph 14, above.  Should the identity of the

Compliance Officer change during the term of this Decree, the Defendant shall, within

ten (10) days of such change, notify the United States in writing of the name of the new

Officer and his or her contact information.

21.     Within one hundred (100) days after entry of this Decree, the Defendant shall submit all

executed copies of the Certification of Training and Receipt of Consent Decree

(Attachment A), referenced in paragraphs 18 and 19.

22.     The Defendant shall provide the United States with a copy of any proposed change to

Dalton Township's Zoning Ordinance that relates to or affects in any way housing for

persons with disabilities, at least thirty (30) days prior to the adoption of the proposed

change by the Defendant.

23.     The Defendant shall prepare biannual compliance reports that detail all actions it has

taken to fulfill its obligations under the Decree since Dalton Township's last compliance

report was issued.  The Defendant shall submit its first report to the United States within

six (6) months after entry of the Decree, and subsequent reports every six (6) months

thereafter for the duration of the Decree, except that the final report shall be delivered to

the United States not less than sixty (60) days prior to the expiration of this Decree.

24.     The Defendant shall include the following information in the compliance reports:

        a.      The name, business address, and business telephone number of the Compliance

                Officer, referenced in paragraph 14, above, as of the date of the report;

10

b. Any documentation of a complaint received subsequent to the preceding report alleging discrimination in housing or zoning or land use actions or practices, because of disability.  The Defendant shall indicate any action it took in response to the complaint, and shall provide all pertinent documents, including a copy of the complaint, any documents filed with the complaint, and any written response to the complaint by Dalton Township;

c. Copies of the Certification of Training and Receipt of Consent Decree (Attachment A) referenced in paragraphs 18 and 19, above, signed after the preceding compliance report was issued;

d. A summary of each zoning request or zoning application related to housing or services for persons with disabilities (including those for building permits, site plans, variances, or reasonable accommodations or modifications) for which Dalton Township has made a determination, indicating: i) the date of the application; ii) the applicant's name; iii) the applicant's current street address; iv) the street address of the subject property or proposed housing; v) Dalton Township's decision(s) regarding the matter, including any decision on appeal; vi) the reasons for each decision, including a summary of the facts upon which Dalton Township relied; and vii) complete copies of any minutes or video recordings from all meetings or hearings discussing the zoning request or application; and

e.      Copies of any changes to Dalton Township's Zoning Ordinance relating to or affecting any housing for persons with disabilities enacted after Defendant's last compliance report was issued.

25.   For the duration of this Decree, the Defendant shall retain all records relating to implementation of all provisions of this Decree.  The United States shall have the opportunity to inspect and copy any such records after giving reasonable notice to counsel for the Defendant.

### VI. COMPENSATION OF AGGRIEVED PERSONS

26.   Within thirty (30) days after entry of this Decree, the Defendant shall pay Serenity Shores fifty-five thousand dollars ($55,000) for the purpose of compensating it for the harm that it allegedly suffered as a result of Dalton Township's decision not to allow Serenity Shores to operate at full capacity at 3071 Second Street.  The sum shall be paid by submitting to counsel for the United States a check made payable to "Joel Kruszynski, Sr."  As provided in Paragraph 8 and Exhibit B, payment is not to be construed as an admission of liability.

27.   When counsel for the United States has received a check from the Defendant payable to Joel Kruszynski, Sr. and a signed release in the form of Attachment B from Mr. Kruszynski, counsel for the United States shall deliver the check to Mr. Kruszynski and the original, signed release to counsel for the Defendant.  Mr. Kruszynski shall not be paid until he has executed and delivered to counsel for the United States the release at Attachment B.

## VII. CIVIL PENALTY

28.     Within thirty (30) days after entry of this Decree, the Defendant shall pay to the United

States a civil penalty of seven thousand, five hundred dollars ($7,500) to vindicate the

public interest, pursuant to 42 U.S.C. § 3614(d)(1)(C).  The sum shall be paid by

submitting to counsel for the United States a check made payable to the "United States

Treasury."

29.     In the event that Defendant Dalton Township, its agents, or its employees engage in any

future violation(s) of the FHA, such violation(s) shall constitute a "subsequent violation"

pursuant to 42 U.S.C. § 3614(d).

## VIII. JURISDICTION AND SCOPE OF DECREE

30.     The parties stipulate and the Court finds that the Court has personal jurisdiction over the

Defendant for purposes of this civil action, and subject matter jurisdiction over the

United States' claims in this action pursuant to 28 U.S.C. §§ 1331 and 1345, and 42

U.S.C. §§ 3614(a), 3614(b), and 12133.

31.     This Decree shall remain in effect for a period of four (4) years after its entry.  Upon

entry of this Decree, the case shall be dismissed with prejudice, except that this Court

will retain jurisdiction to enforce this Decree's provisions and terms.  Plaintiff may move

the Court to extend the duration of the Decree in the interests of justice.

## IX. ENFORCEMENT OF THIS DECREE

32.     The parties shall endeavor in good faith to resolve informally any differences regarding

interpretation of and compliance with this Decree prior to bringing such matters to the

Court for resolution.  However, in the event of a failure by the Defendant to perform in a timely manner any act required by this Decree, or otherwise to act in conformance with any provision thereof, the United States may move this Court to impose any remedy authorized by law or equity.

33.     The parties will bear their own costs and fees associated with this litigation.

## X. DISMISSAL WITH PREJUDICE

34.     In accordance with the terms set forth above, this case is dismissed with prejudice and without costs, except that this Court will retain jurisdiction to enforce this Decree's provisions and terms.


**IT IS SO ORDERED:**

This 10th day of ___February___, 2011.


                                         __/s/ Gordon J. Quist__
                                         United States District Judge

14

**Attachment A**

**CERTIFICATION OF TRAINING AND RECEIPT OF CONSENT DECREE**

On _____,

☐  I attended training on the federal Fair Housing Act and Title II of the Americans with Disabilities Act.  I have had all of my questions concerning these topics answered to my satisfaction.

☐  I watched a videotape of the complete training session, provided pursuant to the Consent Decree referenced below.  I have had all of my questions concerning these topics answered to my satisfaction.

I also have been given and I have read a copy of the Consent Decree entered in United States v. Dalton Township, Michigan, Case No. 1:10-cv-726 (W.D. Mich.).  I understand my legal responsibilities and will comply with those responsibilities.  I further understand that the Court may impose sanctions on Dalton Township if I violate any provision of this Decree.

_____
Signature

_____
Print Name

_____
Position with Dalton Township

_____
Business Address

_____
Business Address Continued

_____
Business Telephone Number

_____
Date

16

**Attachment B**

**FULL AND FINAL RELEASE OF CLAIMS**

In consideration for the parties' agreement to the terms of the Consent Decree they entered into in the case of <u>United States</u> v. <u>Dalton Township, Michigan</u>, as approved by the United States District Court for the Western District of Michigan, and in consideration for the payment of $_____, I, Joel Kruszynski, Sr., along with the corporate entities in which I have an ownership interest (Kruszynski Properties, LLC, Cedar Creek Investments, Inc., West Michigan Cable Contractors, Midwest Trenchless Services, and Serenity Shores, LLC) do hereby fully release and forever discharge Dalton Township, Michigan, along with its insurers, attorneys, principals, predecessors, successors, assigns, directors, officers, agents, employees, former employees, heirs, executors, and administrators and any persons acting under its direction or control (all of whom are hereinafter collectively referred to as Defendant) from any and all claims, costs, expenses, including attorney fees under 42 USC 1988(b), or otherwise.  By means of further illustration, and not of limitation, this Release includes all fair housing claims set forth, or which could have been set forth, in the Complaint in this lawsuit and any other claims, that I may have had against Defendant for any of its actions through the date of the entry of the Consent Decree.

Executed this \_\_\_\_\_ day of _____, 2011.

_____
Signature

_____
Print Name

_____
Address

_____
Address Continued

17